# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUNIOR JUMPP,                                          :
        *Plaintiff*,                          :
                                               :
v.                                                     :      No. 3:24-cv-1794 (VAB)
                                               :
KENTUCKY FRIED CHICKEN, *et al.*,                      :
        *Defendants*.                       :

## RULING AND ORDER

Junior Jumpp ("Plaintiff") moves the Court for leave to proceed *in forma pauperis* under

28 U.S.C. § 1915 in this civil rights action brought under 42 U.S.C. § 1983.[1] *See* ECF Nos. 2, 12

(Nov. 12, 2024, Nov. 18, 2024).

For the reasons that follow, his motion to proceed *in forma pauperis* is **DENIED**.

The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings

filed *in forma pauperis*. In relevant part, Section 804(d) of the PLRA amended 28 U.S.C. § 1915

by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is

---

[1] Mr. Jumpp maintains that his Complaint is "not a [f]ederal civil right[s] complaint under 42 U.S.C. § 1983" that would be subject to the Prison Litigation Reform Act. *See* ECF No. 10 at 1 (Nov. 18, 2024) ("Pl. Resp. to Order re Insuff."). Rather, Mr. Jumpp maintains his Complaint is a "regular citizen complaint and not against state employee[ ] actors, and . . . should be handled and processed and should be subjected to the citizen standards as if the Plaintiff was in[ ] the community filing a lawsuit[.]" *Id.* Mr. Jumpp does not identify in his Complaint any provision of federal law that would give a federal court jurisdiction over a "citizen complaint." Instead, Mr. Jumpp maintains that "[j]urisdiction of this Court is invoked pursuant to citizen civil rights and federal constitutional rights violation." ECF No. 1 at 2 (Nov. 12, 2024) ("Compl."). This describes a suit under § 1983, which provides redress to "any citizen of the United States or other person within the jurisdiction thereof" for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. If Mr. Jumpp moves to proceed *in forma pauperis* in his § 1983 suit, as he has done, *see* ECF Nos. 2, 12, he must do so under 28 U.S.C. § 1915. If § 1915 applies, all its subsections apply, including § 1915(g)'s "three strikes" provision. The "three strikes provision" applies regardless of the subject matter of Mr. Jumpp's suit. *See* 28 U.S.C. § 1915(a)(1) (referring to "any suit, action or proceeding"); § 1915(g) (referring to "*a* civil action" (emphasis added)); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (Kearse, J.) (finding that the dismissal of lawsuits against private media organizations for failure to state a claim constituted "strikes" for the purposes of § 1915(g)).

> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

This provision of the PLRA requires the denial of Mr. Jumpp's motion to proceed *in forma pauperis* in this case. Mr. Jumpp has had four cases dismissed as frivolous or failing to state a claim: *Jumpp v. Marinelli*, 3:13-cv-00615 (AWT) (dismissed for failure to state a claim on June 27, 2013); *Jumpp v. Reyes*, 3:13-cv-00637 (AWT) (dismissed for failure to state a claim on May 13, 2013); *Jumpp v. DOC*, 3:13-cv-00505 (AWT) (dismissed for failure to state a claim on May 13, 2013); *Jumpp v. Keegan*, 3:20-cv-01477 (KAD) (dismissed as frivolous on October 30, 2020).

Because the three strikes provision applies in this case, Plaintiff may not bring the present action without prepayment of the filing fee, absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[I]ndigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger."). To be excused from this requirement and proceed without prepayment of the filing fee, the plaintiff must meet two requirements: he must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id*. at 296–97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.

In this action, Mr. Jumpp sues Defendants in connection with an incident at a Kentucky Fried Chicken restaurant in October of 2021. Compl., ECF No. 1, at 3 (Nov. 12, 2024). Mr. Jumpp does not allege any facts suggesting that he was in imminent danger of serious physical harm at the time he filed this action on November 12, 2024. Thus, the exception does not apply.

Accordingly, Mr. Jumpp's motions to proceed *in forma pauperis*, **ECF Nos. 2, 12,** are **DENIED**. If Mr. Jumpp seeks to proceed with this case, he must submit the filing fee within the time allotted.

Accordingly, all further proceedings in the matter shall be held in abeyance until **March 7, 2025** pending Mr. Jumpp's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 141 Church Street, New Haven, Connecticut, 06510.

Failure to tender the filing fee by **March 7, 2025** will result in dismissal of this action.

**SO ORDERED**.

Dated at New Haven, this 7th day of February 2025.

/s/ *Victor A. Bolden*
Victor A. Bolden
United States District Judge

3